|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ANTHONY D. HILL, | CASE NO. C17-0087JLR |
| --- | --- |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| VALUE INN 22246, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is *pro se* Plaintiff Anthony D. Hill's complaint against Defendant Value Inn 22246 ("Value Inn") (Compl. (Dkt. # 4)) and six motions for various forms of relief (1st Mot. (Dkt. # 5); 2d Mot. (Dkt. # 6); 3d Mot. (Dkt. # 7); 4th Mot. (Dkt. # 8); 5th Mot. (Dkt. # 9); 6th Mot. (Dkt. # 10)).  Mr. Hill is proceeding *in forma pauperis* ("IFP"). (IFP Order (Dkt. # 3).)  In granting Mr. Hill IFP status, Chief Magistrate Judge James P. Donohue recommended review of Mr. Hill's amended complaint under 28 U.S.C. § 1915(e)(2)(B). (*Id.*)  The court has conducted the recommended review and

DISMISSES Mr. Hill's complaint and GRANTS Mr. Hill's motion for leave to amend his complaint as set forth below. The court DENIES Mr. Hill's other motions as moot.

## II.     BACKGROUND

On January 23, 2017, Mr. Hill filed a motion for leave to proceed IFP (IFP Mot. (Dkt. # 1)) along with a proposed complaint (Prop. Compl. (Dkt. # 1-1)). On January 27, 2017, Magistrate Judge Donohue granted Mr. Hill's IFP motion, and Mr. Hill's complaint was filed on the court's docket the same day. (IFP Order; Compl.) In his order, Magistrate Judge Donohue recommends review of Mr. Hill's complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.)

Although the limited allegations in Mr. Hill's complaint are difficult to follow, Mr. Hill's complaint appears to stem from Mr. Hill's eviction from a hotel where he had been renting a room. (*See* Compl. at 2 (stating that the hotel manager "punked the cops, told them to take my clothes and give them to me" and asking "[u]nder [the] law[,] am I still [a] legal resident?").) Mr. Hill alleges that the hotel manager entered the room he was renting and took "over [the] settings on [his] computer to turn [his] web cam on and change[] [his] passwords and other stuff." (*Id.* at 1.) Mr. Hill also alleges that the manager "illegally entered [his] room" and "claim[ed that he] was smoking" when he was not present. (*Id.*) Mr. Hill further asserts that he had been living in the hotel "about" eight weeks and needs "clothes, meds, [et cetera]." (*Id.* at 2.)

In addition, Mr. Hill brings six motions. Mr. Hill seeks an order "to occupy" the hotel room where he had "resided" for "almost [eight] weeks" (1st Mot. at 1), an order "to allow" him to "reclaim" his "legal residence" (2d Mot. at 1), and an order for a

"search warrant" to search the hotel room Mr. Hill was renting because a hotel "employee states [that the hotel manager] planted [a] pistol" in the room (3d Mot. at 1). In addition, Mr. Hill seeks to amend his civil cover sheet to "reflect 'proper filing'" because he "is disabled and had to get stronger glasses to read [the check] boxes" on the form (4th Mot. at 1) and to amend his complaint to include "internet fraud, illegal attempt to connect to Mr. Hill's personal computer," "intimidation," "participating in [a] crime ring," "police lying on Mr. Hill," and "911 calls" (5th Mot. at 1). Finally, Mr. Hill requests an evidentiary hearing to require the hotel manager to "bring Mr. Hill's property" to the court and "establish [the] chain of custody of property and any damage to computers." (6th Mot. at 1.) Mr. Hill asserts that such a hearing will allow Mr. Hill and the court to "then see what/who/when upon powering up the laptop." (*Id.*)

The court now evaluates Mr. Hill's complaint under Section 1915 and addresses his six pending motions.

### III.  ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a claim filed IFP if the court determines "at any time" that (1) the action is frivolous or malicious, (2) the action fails to state a claim, or (3) the action seeks relief from a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  The court concludes that Mr. Hill's complaint is frivolous and fails to state a claim.

---

[1] Although 28 U.S.C. § 1915 expressly addresses the filings of prisoner litigants, the court must also screen the filings of non-prisoner civil litigants seeking to proceed IFP. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

*Pro se* pleadings must be liberally construed, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), but the factual allegations of a complaint must be "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). If a plaintiff's complaint is deficient and amendment could cure the deficiency, the court must dismiss the complaint with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

First, Mr. Hill fails to state the basis for subject matter jurisdiction or to allege facts from which the court could reasonably infer a basis for exercising subject matter jurisdiction. Federal Rule of Civil Procedure 8(a) requires Mr. Hill to include "a short and plain statement of the grounds for the court's jurisdiction" in his complaint. Fed. R. Civ. P. 8(a). However, Mr. Hill provides no information regarding the domicile of Value Inn, and it appears the amount in controversy for any claim he attempts to assert is considerably less than the $75,000.01 minimum for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In addition, as the court discusses below, the claims at issue are unclear, but it does not appear that Mr. Hill asserts any federal claims. *See* 28 U.S.C. § 1331. Accordingly, Mr. Hill fails to allege facts to support the court's jurisdiction.

Second, Mr. Hill's complaint contains only conclusory allegations and lacks facts that plausibly support liability. The court cannot determine what claims Mr. Hill

attempts to assert and cannot identify facts in Mr. Hill's complaint from which the court can reasonably infer that Value Inn is liable to Mr. Hill.  (*See* Compl. at 1-2.)  Even though Mr. Hill is proceeding *pro se* and the court construes his pleadings liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), his complaint is nevertheless evaluated under the *Iqbal/Twombly* pleading standards, *see id.* at 342; *see also Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  The complaint falls far short of the applicable pleading standard.

For these reasons, the court dismisses Mr. Hill's complaint.  However, when a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Accordingly, the court grants Mr. Hill's motion to amend his complaint.  (*See* 5th Mot.)  Mr. Hill has 20 days from the date of this order to file an amended complaint that corrects the deficiencies the court identifies herein.[2]  If Mr. Hill chooses to amend his complaint, his amended complaint must include a short and plain statement that describes (1) the factual circumstances of the alleged harm, e.g., where and when it occurred; (2) the actions of Value Inn that give rise to Mr. Hill's claims; (3) the basis for the court's jurisdiction; and (4) the relief Mr. Hill seeks.  *See* Fed. R. Civ. P. 8(a)(1)-(3).  If Mr. Hill fails to timely comply with this order or fails to file an amended complaint that remedies the

---

[2] The court cautions Mr. Hill that "the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

deficiencies identified herein, the court will dismiss his complaint without leave to amend.

Finally, the court denies Mr. Hill's remaining motions as moot. (*See* 1st Mot.; 2d Mot.; 3d Mot.; 4th Mot.; 6th Mot.)

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Hill's complaint (Dkt. # 4), GRANTS Mr. Hill leave to amend his complaint within twenty (20) days of the date of this order (Dkt. # 9), and DENIES Mr. Hill's remaining motions as moot (Dkt. ## 5, 6, 7, 8, 10).

Dated this 3rd day of February, 2017.

JAMES L. ROBART
United States District Judge