UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY D. HILL, | CASE NO. C17-0087JLR |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| VALUE INN 22246, | |
| Defendant. | |

Before the court are *pro se* Plaintiff Anthony D. Hill's motion for an extension of time to file an amended complaint (MFE (Dkt. # 16)) and motion to appoint counsel (MTA (Dkt. # 17)). Mr. Hill is proceeding *in forma pauperis* ("IFP"). (IFP Order (Dkt. # 3).)

On February 3, 2017, the court dismissed with leave to amend Mr. Hill's complaint. (*See* 2/3/17 Order (Dkt. # 11).) The court found pursuant to 28 U.S.C. § 1915(e)(2) that Mr. Hill's complaint was frivolous and failed to state a claim. (*See id.* at 3.) Because there is currently no operative complaint in this matter, the court DENIES

ORDER - 1

Mr. Hill's motion for court-appointed counsel (Dkt. # 17) without prejudice to Mr. Hill re-filing the motion if he files an amended complaint. Without an operative complaint to review, the court cannot perform the necessary screening to determine that "based on the face of the complaint and case records . . . the case is not frivolous" and that the court should forward Mr. Hill's complaint to the Pro Bono Panel Screening Committee for consideration. *See* General Order, Aug. 1, 2010, § 3(c) (W.D. Wash.) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). In addition, the court finds that Mr. Hill's motion does not demonstrate extraordinary circumstances that otherwise warrant appointing counsel. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (stating that a court may appoint counsel under 28 U.S.C. § 1915(e)(1) only when there are extraordinary circumstances).

The court GRANTS Mr. Hill's motion for an extension of time (Dkt. # 16) to file an amended complaint that addresses the deficiencies the court identified in its February 3, 2017, order. (MFE; 2/3/17 Order.) Mr. Hill must file his amended complaint, if any, no later than fourteen (14) days from the date of this order. If Mr. Hill chooses to amend his complaint, the amended complaint must include a short and plain statement that describes (1) the factual circumstances of the alleged harm, e.g., where and when it occurred; (2) the actions of Defendant Value Inn 22246 that give rise to Mr. Hill's claims; (3) the basis for the court's jurisdiction; and (4) the relief Mr. Hill seeks. *See* Fed. R. Civ. P. 8(a)(1)-(3). If Mr. Hill fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies identified in the court's February 3, 2017, order, the court will dismiss Mr. Hill's complaint without leave to

1 | amend.  If Mr. Hill files a timely amended complaint that satisfies the pleading
2 | requirements of 28 U.S.C. § 1915, he may re-file a motion to appoint counsel.
3 |     Dated this 23rd day of February, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3