1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ANTHONY D. HILL,

                         Plaintiff,

    v.

CITY OF DES MOINES, et al.,

                       Defendants.

CASE NO. C17-0087JLR

ORDER DISMISSING
AMENDED COMPLAINT AND
DENYING PENDING MOTIONS

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff Anthony D. Hill's amended complaint against Defendants City of Des Moines ("the City"), South Correctional Entity ("SCORE"), and "Roving Guard 9[:]05 [p.m.] S-6 SCORE system" ("Roving Guard") (collectively, "Defendants") (FAC (Dkt. # 24)) and four motions for various forms of relief (1st Mot. (Dkt. # 20); 2d Mot. (Dkt. # 21); 3d Mot. (Dkt. # 22); 4th Mot. (Dkt. # 25)).  Mr. Hill is proceeding *in forma pauperis* ("IFP").  (IFP Order (Dkt. # 3).)  The court has considered Mr. Hill's amended complaint and filings, the relevant portions of the record, and the

1  applicable law.  Being fully advised, the court DISMISSES Mr. Hill's amended

2  complaint with leave to amend and DENIES his pending motions.

3  ## II.  BACKGROUND

4        On January 23, 2017, Mr. Hill filed a motion for leave to proceed IFP (IFP Mot.

5  (Dkt. # 1)) along with a proposed complaint (Prop. Compl. (Dkt. # 1-1)).  On January 27,

6  2017, Magistrate Judge James P. Donohue granted Mr. Hill's IFP motion, and Mr. Hill's

7  complaint was filed on the court's docket the same day.  (IFP Order; Compl. (Dkt. # 4).)

8  In his order, Magistrate Judge Donohue recommended that the court review Mr. Hill's

9  complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  (IFP Order at 1.)

10       The court undertook the recommended review and determined that Mr. Hill's

11  complaint was frivolous and failed to state a claim.  (*See* 2/3/17 Order (Dkt. # 11) at 3.)

12  Although Mr. Hill's complaint was difficult to follow, the court determined that Mr.

13  Hill's allegations appeared to stem from Mr. Hill's eviction from a hotel where he had

14  been renting a room.  (*See id.* at 2.)  The court concluded that Mr. Hill had not stated a

15  basis for the court's subject matter jurisdiction and that the court could not determine

16  what claims Mr. Hill attempted to assert or identify facts in Mr. Hill's complaint from

17  which the court could reasonably infer then-defendant Value Inn 22246's ("Value Inn")

18  liability to Mr. Hill.  (*Id.* at 4-5.)  For these reasons, the court dismissed Mr. Hill's

19  complaint with leave to amend.  (*Id.* at 1.)

20       On February 16, 2017, Mr. Hill moved to extend the deadline to file his amended

21  complaint and for the appointment of counsel.  (*See* MTE (Dkt. # 16); MAC (Dkt. # 17).)

22  The court declined to appoint counsel, granted Mr. Hill's request for an extension, and

1  ordered that any amended complaint be filed no later than March 9, 2017.[1]  (2/23/17

2  Order (Dkt. # 18) at 2.)  On March 7, 2017, Mr. Hill filed an amended complaint.[2]  (*See*

3  FAC.)  The court now evaluates Mr. Hill's amended complaint pursuant to 28 U.S.C.

4  § 1915 and his four pending motions.

### III.   ANALYSIS

**A.   Mr. Hill's Amended Complaint**

7        Title 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a claim filed

8  IFP if the court determines "at any time" that the action (1) is frivolous or malicious, (2)

9  fails to state a claim, or (3) seeks relief from a defendant who is immune from such relief.

10  *See* 28 U.S.C. § 1915(e)(2)(B).  The court concludes that Mr. Hill's amended complaint

11  fails to state a claim.  However, the court cannot conclude that it is impossible for Mr.

12  //

---

[1] The court denied without prejudice Mr. Hill's motion to appoint counsel because without an operative complaint to review, the court could not perform the necessary screening to determine that "based on the face of the complaint and case records . . . the case is not frivolous." (*Id.*)  The court also concluded that Mr. Hill had not shown extraordinary circumstances otherwise warranting appointment of counsel.  (*See id.*)  The court stated that if Mr. Hill timely filed an amended complaint that satisfied the pleading requirements of 28 U.S.C. § 1915, he could re-file a motion to appoint counsel.  (*Id.* at 3.)  Mr. Hill has not done so.  (*See generally* Dkt.)

[2] The next day, Mr. Hill filed a second amended complaint against Des Moines Municipal Judge Lisa Leon and the City.  (*See* SAC (Dkt. # 19).)  The court DIRECTS the Clerk to strike that filing because Mr. Hill did not seek the court's leave to file a second amended complaint. (*See generally* Dkt.)  Moreover, Mr. Hill's purported second amended complaint is frivolous and fails to state a claim.  Specifically, Mr. Hill alleges facts related to Judge Leon's performance of her judicial functions.  (*Id.* at 1 ("[Judge] Lisa Leon previously bound over trespass 1st degree . . . .").)  Accordingly, the doctrine of judicial immunity bars Mr. Hill's claim against Judge Leon.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  In addition, Mr. Hill fails to allege any facts against the City from which the court can reasonably infer liability.  (*See generally* SAC.)

1  Hill to cure the defects in his amended complaint and grants him leave to amend the

2  complaint in the manner described below.

3      1.  The Allegations

4      Mr. Hill's amended complaint names the City of Des Moines, SCORE jail, and

5  Roving Guard as defendants.[3]  (*See* FAC at 1.)  Mr. Hill's allegations are once again

6  difficult to follow, but Mr. Hill appears to allege that after he attempted to retrieve his

7  property from Value Inn—the defendant named in Mr. Hill's original complaint—City of

8  Des Moines police officers arrested Mr. Hill for trespass (*id.* at 2, 4) and that he is

9  currently being held in King County's SCORE jail facility (*see generally id.*).  He alleges

10  that he "feel[s his] life is in jeopardy and believe[s that he is] being held illegally . . . and

11  threatened daily."  (*Id.* at 1.)  He further asserts that he has "written over 70 grievances"

12  while at SCORE and that he was "recently falsely arrested."  (*Id.* at 2.)  As an exhibit to

13  his complaint, Mr. Hill includes a declaration apparently from another SCORE inmate.

14  (*Id.* at 3 ("Ex. A-1").)  That declaration includes allegations that SCORE is withholding

15  Mr. Hill's HIV medication.  (*Id.*)

16      2.  The Claims

17      Liberally construing these allegations, it appears that Mr. Hill attempts to assert

18  two claims against Defendants:  (1) false arrest, and (2) deliberate indifference to Mr.

19  //

20

21      _____

        [3] Although it is a single filing, Mr. Hill labels his amended complaint as two parts:
22  Complaint I and Complaint II.  (*See* FAC at 1-2.)  Because the court has a duty to liberally
    construe Mr. Hill's filings, the court construes the filing as a single complaint.

1 | Hill's medical needs.  Mr. Hill's factual allegations, however, are insufficient to support a

2 | plausible inference that he is entitled to relief on either of these claims.

3 |     *a.  False Arrest*

4 |     "A claim for unlawful arrest is cognizable under § 1983 as a violation of the

5 | Fourth Amendment, provided the arrest was without probable cause or other

6 | justification." *Dubner v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001).  To

7 | prove a claim for false arrest or improper seizure of a person under Section 1983, a

8 | plaintiff must demonstrate that (1) the defendant lacked a warrant or probable cause to

9 | arrest the plaintiff, and (2) the defendant actually arrested the plaintiff.  *Hernandez v. Cty.*

10 | *of Marin*, No. C 11-03085, 2012 WL 1207231, at *8 (N.D. Cal. Apr. 11, 2012) (citing

11 | *Cabrera v. City of Hunting Park*, 159 F.3d 374, 380 (9th Cir. 1998)).

12 |     To comply with constitutional protections, an arrest must be supported by

13 | probable cause.  *See Adams v. Williams*, 407 U.S. 143, 148-49 (1972).  Probable cause is

14 | an objective standard, *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007), and

15 | exists if "under the totality of circumstances known to the arresting officers, a prudent

16 | person would have concluded that there was a fair probability that [the defendant] had

17 | committed a crime," *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002).

18 | Stated another way, probable cause to arrest exists when the officer has knowledge or

19 | reasonably trustworthy information sufficient to lead a person of reasonable caution to

20 | //

21 | //

22 | //

ORDER - 5

1    believe that an offense has been or is being committed.[4]  *Beck v. Ohio*, 379 U.S. 89, 91

2    (1964).

3        To impose liability on a local governmental entity—such as a city or jail—under

4    Section 1983, a plaintiff must allege (1) the plaintiff was deprived of a constitutional

5    right, (2) the local government entity has a policy, (3) the policy amounts to deliberate

6    indifference to the plaintiff's constitutional right, and (4) the policy is the moving force

7    behind the constitutional violation.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

8    U.S. 658, 690 (1978); *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d

9    1101, 1110-11 (9th Cir. 2001).

10       The court can reasonably infer from Mr. Hill's complaint that he was actually

11   arrested (*see* FAC (stating that Mr. Hill is being held in SCORE and was arrested)), but

12   Mr. Hill makes no factual allegations from which the court can reasonably infer that City

13   of Des Moines police officers arrested Mr. Hill without probable cause (*see generally*

14   *id.*).  In addition, Mr. Hill makes no allegations that support the inference that the City,

15   SCORE, or Roving Guard are liable to Mr. Hill for any such false arrest.  (*See generally*

16

17       [4] Under state law, "[t]he gist of an action for false arrest or false imprisonment is the
unlawful violation of a person's right of personal liberty or the restraint of that person without
18   legal authority . . . ." *Bender v. City of Seattle*, 664 P.2d 492, 499 (Wash. 1983); *see also Youker
v. Douglas Cty.*, 258 P.3d 60, 68 (Wash. Ct. App. 2011) ("The gist of false arrest and false
19   imprisonment is essentially the same, viz., the unlawful violation of a person's right of personal
liberty, and a false imprisonment occurs whenever a false arrest occurs.").
         As under federal law, the existence of "probable cause is a complete defense to an action
20   for false arrest and imprisonment" under state law.  *Hanson v. City of Snohomish*, 852 P.2d 295,
301 (Wash. 1993) (citing *Bender*, 664 P.2d at 500); *see also Youker*, 258 P.3d at 69.  Washington
21   law mirrors federal law in this regard:  "The existence of probable cause is determined by an
objective standard" and "exists when the arresting officer is aware of facts or circumstances,
based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe a
22   crime has been committed."  *State v. Gaddy*, 93 P.3d 872, 875 (Wash. 2004).

ORDER - 6

1   *id.* (failing to state any basis for liability for false arrest on the part of the City, SCORE,

2   or Roving Guard)); *Monell*, 436 U.S. at 690; *Mabe*, 237 F.3d at 1110-11.  The court

3   therefore concludes that Mr. Hill fails to state a claim for false arrest.

4           *b.  Deliberate Indifference*

5         An Eighth Amendment violation based on inadequate medical care requires "acts

6   or omissions sufficiently harmful to evidence deliberate indifference to serious medical

7   needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A medical need is serious if "the

8   failure to treat a prisoner's condition could result in further significant injury or the

9   'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059

10   (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX*

11   *Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

12         If a plaintiff shows a "serious medical need," the analysis turns on the presence of

13   "deliberate indifference," which "is evidenced only when 'the official knows of and

14   disregards an excessive risk to inmate health or safety; the official must both be aware of

15   the facts from which the inference could be drawn that a substantial risk of serious harm

16   exists, and he must also draw the inference.'" *Clement v. Gomez*, 298 F.3d 898, 904 (9th

17   Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The indifference to a

18   prisoner's medical needs must be substantial and is not established by "[m]ere

19   'indifference,' 'negligence,' or 'medical malpractice.'" *Broughton v. Cutter Labs.*, 622

20   F.2d 458, 460 (9th Cir. 1980); *see also Estelle*, 429 U.S. at 106 ("[A]n inadvertent failure

21   to provide adequate medical care cannot be said to constitute an unnecessary and wanton

22   infliction of pain or to be repugnant to the conscience of mankind.'" (internal quotation

1  marks omitted)).  "Prison officials violate their obligation by 'intentionally denying or

2  delaying access to medical care.'"  *Clement*, 298 F.3d at 905 (quoting *Estelle*, 429 U.S. at

3  104-05).

4       The declaration incorporated into Mr. Hill's complaint states that SCORE has

5  withheld Mr. Hill's HIV medication.[5]  (FAC at 3.)  The court liberally construes the

6  allegations in this declaration as an attempt to state a claim of deliberate indifference in

7  violation of the Eighth Amendment.   (*See id.*)  The court can reasonably infer from Mr.

8  Hill's filings that he has a serious medical need because he is HIV positive; however, Mr.

9  Hill fails to allege sufficient facts to plausibly suggest deliberate indifference.  (*See*

10  *generally id.*)  In addition, Mr. Hill fails to allege sufficient facts from which the court

11  can reasonably infer that Defendants are liable for any such constitutional violation.  (*See*

12  *generally id.*); *see also Monell*, 436 U.S. at 690; *Mabe*, 237 F.3d at 1110-11.  For these

13  reasons, Mr. Hill fails to state a claim under the Eighth Amendment.

14       3.  Leave to Amend

15       When a court dismisses a *pro se* plaintiff's complaint, the court must give the

16  plaintiff leave to amend unless it is absolutely clear that amendment could not cure the

17  defects in the complaint.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

18  At this time, it is not absolutely clear that Mr. Hill cannot possibly cure his complaint to

19  state a claim for false arrest or deliberate indifference and that Defendants are liable on

20  those claims.  Accordingly, the court grants Mr. Hill leave to file a second amended

21

22       [5] Mr. Hill's "motion for a hearing of protection" also states "2 days no HIV meds."  (*See* 3d Mot. at 1.)

complaint.  If Mr. Hill chooses to amend his complaint, the court directs Mr. Hill to pay

close attention to the following instructions.  Mr. Hill's failure to comply with these

instructions may lead the court to dismiss this case with prejudice.

First, Mr. Hill's amended complaint, if any, is due no later than April 12, 2017.  If

Mr. Hill fails to file an amended complaint by that date, the court will dismiss this action

with prejudice.  Second, Mr. Hill's amended complaint, if any, will supersede any

previous complaint Mr. Hill has filed.  Mr. Hill may not incorporate by reference any

portion of his previous complaints.  Third, Mr. Hill's amended complaint must include a

short and plain statement that describes (1) the factual circumstances of the alleged harm,

e.g., where and when it occurred; (2) the actions of each defendant that give rise to Mr.

Hill's claims; (3) the basis for the court's jurisdiction; and (4) the relief Mr. Hill seeks.

*See* Fed. R. Civ. P. 8(a)(1)-(3).  Specifically, Mr. Hill must allege facts supporting his

false arrest and deliberate indifference claims and the plausible inference that Defendants

are liable for Mr. Hill's alleged harms.  *See supra* III.A.2(a)-(b).  Mr. Hill does not have

the court's leave to add defendants or claims to his complaint, and the court will strike

any attempt to do so.  Mr. Hill's failure to remedy the deficiencies in his complaint may

lead to dismissal of this case with prejudice.

**B.    Mr. Hill's Motions**

Mr. Hill also brings four motions:  (1) a "motion to dismiss citation 720242098"

because "it is fatally flawed and illegal" (1st Mot. at 1); (2) a motion to proceed IFP (2d

Mot.); (3) a motion "for a hearing of protection against King County Sheriff, De[s ]

Moines, WA Police Dept, SCORE System, Value Inn [Manager] Trish, Judge Edward

1   McKinnon, Tracy Kopla . . . , [Judge] Lisa Leon, et al[.], and Elizabeth Vorhey's[,] et al."

2   (3d Mot. at 1); and (4) "a motion for a[n] order to have the [United States] marshals pick

3   up" his "belongings from 22246 Pac Hwy[,] Des Moines, WA" for which Mr. Hill

4   "agree[s] to pay [$]50.00" to the United States Marshals Service (4th Mot. at 1).

5           The court denies Mr. Hill's motions.  His first, third, and fourth motions seek

6   forms of relief that the court cannot grant Mr. Hill.  (*See* 1st Mot.; 3d Mot.; 4th Mot.)  For

7   example, the court cannot dismiss the citation Mr. Hill references, which the court

8   presumes arises from his arrest by Des Moines police officers.  The court also cannot

9   order the United States Marshal to pick up Mr. Hill's belongings for $50.00.  In addition,

10  Mr. Hill's second motion seeks the court's leave to proceed IFP (*see* 2d Mot.), but Mr.

11  Hill has already been granted IFP status (*see* IFP Order).  Accordingly, Mr. Hill's second

12  request is moot, and the court denies it on that basis.

13          The court notes that—in addition to his properly presented motions—Mr. Hill has

14  now filed eight motions seeking relief that the court cannot grant.  (*See* Dkt. ## 5, 6, 7, 8,

15  10, 20, 22, 25.)  Therefore, the court cautions Mr. Hill that it will strike from the docket

16  motions seeking relief that the court cannot grant or that are patently frivolous.

17                          **IV.   CONCLUSION**

18          For the foregoing reasons, the court DISMISSES Mr. Hill's amended complaint

19  (Dkt. # 24) and DENIES Mr. Hill's pending motions (Dkt. ## 20, 21, 22, 25).  The court

20  ORDERS Mr. Hill to file a second amended complaint, if any, no later than April 12,

21  2017.  The court also DIRECTS the Clerk to strike Mr. Hill's second amended complaint

22  (Dkt. # 19) as improperly filed.  Finally, the court INSTRUCTS Mr. Hill to carefully

1   follow the court's instructions in this order as to any amended complaint and any future

2   motions.

3         Dated this 23rd day of March, 2017.

4

5

6         JAMES L. ROBART
          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22